# Law Offices of Kenneth G. Walsh

59 Kensico Road, Suite 7<br>
Thornwood, New York 10594<br>
929-241-7307

January 30, 2025

The Honorable Anne Y. Shields
United States District Court Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
Courtroom 840

CC:     Judges, counsel & parties in Case Nos. 2:23-cv-09641, 2:24-cv-00206, 2:24-cv-00218, 2:24-cv-00220, 2:24-cv-01125, 2:24-cv-01662, 2:24-cv-07131, 2:24-cv-06998, and 2:24-cv-08219.

Re:     *Morris v. Austin Coins, Inc.*,
Case No. 2:25-cv-00237-AYS (filed Jan. 14, 2025)
Motion to Relate and Transfer Case related to
*Keith v. Austin Lloyd, Inc.*, Case No. 2:23-cv-09461-SJB-LGD

Judge Shields:

    Pursuant to Rule 3 of the Rules for the Division of Business for the Eastern District of New York (Effective September 25, 2023), Mary L. Morris, plaintiff in the above-captioned action, seeks a "Judicial Determination" that this case is related to the nine (9) cases listed on Schedule A and requests that the *Morris* Case which was filed on January 14, 2025 be reassigned to Judge Sanket J. Bulsara and Magistrate Judge Lee G. Dunst for all purposes, including common pre-trial proceedings.

    The nine cases identified on Schedule A were initially assigned to different judges when they were filed. On March 21, 2024, plaintiffs made a motion to consolidate the original cases. On April 10, 2024, Chief Judge Margo K. Brodie issued an Order reassigning the cases to Judge Merle and Magistrate Judge Dunst. On January 15, 2025, the matters were again reassigned to Judge Bulsara and Magistrate Judge Dunst. Since May 2024, Magistrate Judge Dunst has been coordinating the proceedings in these Austin Lloyd/Austin Coins matters. Plaintiff request the Court to hold that the *Morris* matter is related and that the case be reassigned to Judge Sanket J. Bulsara and Magistrate Judge Lee G. Dunst.

    Undersigned counsel represents all the plaintiffs in each of these actions.

## JUSTIFICATION

These cases present multiple, common questions of law and fact. They arise out of a single, common scheme. Much of the discovery in each case will be identical to and relevant to discovery in the other cases. Because the scheme targeted elderly people, some of whom are suffering from cancer and other age-related illnesses, efficient and timely litigation is important. Moreover, putting all these cases before one judge will avoid multiple, conflicting scheduling orders.

## FACTS

The fraudulent telemarketing scheme at the center of all these cases is aimed at defrauding elderly consumers. It did so by fraudulently inducing them to buy precious metal coins at prices that grossly exceeded any reasonable or fair market value. The Defendants in these cases misrepresented the value and investment potential of coins and prodded their senior marks into buying these fraudulently "valued" coins using high pressure telemarketing practices and outright lies. Schemes such as the one here have spawned Congressional investigations, criminal prosecutions, and multiple civil suits.

The Defendants are related companies and their owners and agents. All these cases allege claims against companies affiliated with Austin Lloyd, Inc. The companies at issue (including Austin Lloyd, Inc., Austin Coins, Inc., and P. White Holdings LLC) all operated out of the same address in Suffolk County: 48 S. Service Road, Melville, New York. The Individual Defendants in all these cases had 48 S. Service Road as their business addresses. The Individual Defendants owned and/or operated the companies and implemented the scheme. Recently, counsel for Patrick J. White, Austin Lloyd, Inc., and Austin Coins, Inc. in the six consolidated cases advised the undersigned that these companies are no longer being used to conduct business operations, which operations have now been transferred by their principal, Patrick J. White, to another entity: New York Federal Gold, LLC. *See von Nolde. v. Austin Coins, Inc.*, Case No.: 2:24-cv-06998-LGD (filed Oct. 3, 2024) Compl. at ¶ 41 ECF No. 1.

The basic facts and contours of the scheme are the same for all the plaintiffs/victims of the scheme. The parties will likely have experts whose testimony in multiple aspects will apply in a common manner to all plaintiffs and the actions of all Defendants respectively. The Corporate Defendants' identities, ownership, and organizational structures will likely be common to all cases. The type of discovery requested from plaintiffs will almost certainly be common to all cases.

In essence, the Defendants, their relationship to each other, the nature of their actions, the reasonableness of their actions, and their roles in the operation of the scheme will be common questions across all these cases.

## LAW

All the cases assert a core of common legal theories sounding in Fraud, violations of New York's GBL – consumer protection statute (deceptive acts and practices), negligence, and

negligent misrepresentation, unjust enrichment, and similar claims. Later filed complaints include overarching claims tying all these cases together as multiple predicate acts designed to further a single racketeering scheme with the actors involved violating 18 U.S.C. 1962 (c) and (d) ("RICO" – the federal "Racketeer Influenced and Corrupt Organizations Act").

The facts and legal claims represent a myriad of common legal questions, including: (1) whether the Defendants' actions were fraudulent under New York law; (2) whether Defendants' actions in operating the scheme constituted predicate acts and a conspiracy in furtherance of an Austin Lloyd RICO enterprise"; (3) whether Defendants' actions were fraudulent or deceptive acts illegal under N.Y. GBL Section 349; and (4) whether Defendants intentionally or negligently misled the plaintiffs – and whether they owed the plaintiffs a legal duty creating an action in negligence. While some of these questions will focus on individual representations and relationships, they fit within a common scheme or plan which creates common legal issues as well as factual issues.

In short, these cases involve many of the same core parties as Defendants and all Defendants oversaw, participated in, and operated the overall scheme on behalf of them all. Many of the relevant facts, expert testimony, and law will be common to all these cases. The scheme was aimed at elderly telemarketing customers, some of whom are terminally ill, making speedy administration of these cases important (some past victims of these defendants have already died and some of the plaintiffs here are in the hospital). Having common answers to common legal questions will avoid inconsistent rulings. And having one court overseeing an overarching discovery schedule will help ensure that the case is administered to deliver "just, speedy, and inexpensive" justice to all parties.

## CONSULTATION

During a status conference with Magistrate Judge Dunst on Tuesday, he suggested that the undersigned make an application to Your Honor to relate the *Morris* matter with the other Austin Lloyd cases. During the status conference, none of the defendants or their counsel voiced an objection to consolidation. I have reached out to counsel for Defendants Christian Foster and James King, Brandon Chancey and they do not object this application.

Counsel for the plaintiff thus requests that the *Morris* matter be deemed related and transferred to Judge Sanket J. Bulsara and Magistrate Judge Lee G. Dunst for administration and hearings.

Respectfully submitted,

/s/Kenneth G. Walsh

Kenneth G. Walsh

Schedule A

| Plaintiff | Defendant | Damages | Current Update |
|---|---|---|---|
| 1. Anna Marie Eakins | Austin Lloyd, Inc./Austin Coins, Inc. | $588,454 | Compl. Filed 1/10/24  EDNY 2:24-0cv-00206 Overpriced coin sales & conversion Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |
| 2. William K. Cleary | Austin Lloyd, Inc. | $49,022.46 | 2:24-cv-01662 Purchased 1 coin & conversion of 300 coins Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |
| 3. John Fiske | Austin Lloyd, Inc. | $328,550 | Compl. Filed 1/10/24 EDNY 2:24-cv-00220 29 transactions in coin sales $328K he never received. Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |
| 4. Earl Keith | Austin Lloyd, Inc. | $244,061.02 | Compl. Filed 12/22/23, 2:23-cv-09461 3 transactions totaling $304,322 w/FMV of $60,260.98 loss of $244,061.02 Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |
| 5. Grindle | Austin Coins, Inc. | $80,180 | Compl. Filed 2/13/24 2:24-cv-01125 straight Conversion case 25 coins worth $80,180. Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |

Schedule A

| | | | |
|---|---|---|---|
| 6. Bob Nowell | Austin Lloyd, Inc. | $54,145 | Compl. Filed 1/10/24 EDNY 2:24-cv-00218. Purchased 3 overpriced coins & conversion of 1,439 coins Case reassigned to Judge Sanket J. Bulsara Fact Discovery ends 3/3/25 Status Report due 1/21/25 Status Conf. 1/28/25 @ 3:00PM Zoom |
| 7. Bernard Horn-Bostel | Austin Coins, Inc., ALI and others | $124,803 | Compl. Filed 10/10/24. EDNY 2:24-cv-07131-SJB-LGD Conversion of coins Need to resubmit Request for Certificate of Default 1/29/25 |
| 8. Hans D. von Nolde | Austin Coins, Inc. & New York Federal Gold, LLC | $150,000 | Case No. 2:24-cv-06998-SJB-LGD Filed for certificates of default on 11/14/24—still waiting for clerk to enter these. |
| 9. James T. Tanner | Austin Coins, Inc., ALI and others | $1,796,800.00 $3,291,212.48 | Complaint filed 11/26/24 & Summons issued 11/27/24 Case No. 2:24-cv-08219-SJB-LGD 1/15/25 Requests for Certificate of Defaults were filed against all defendants but Chancey and his company—their answer due 2/3/25 Filed for certificates of default on all defendants except Chancey, his company and Sean Klein—still attempting to serve Klein. |
| 10. Mary L. Morris | Austin Lloyd, Inc., et al. | $59,426.30 | Complaint filed 1/14/25 Case No.: 2:25-cv-00237-AYS Out for service 1/17/25 |